

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
-BROWNSVILLE DIVISION-

United States District Court
Southern District of Texas
ENTERED
AUG 0 8 2003
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| JUAN JESUS YBARRA,<br>Plaintiff,<br><br>VS.<br><br>WAL-MART STORES, INC.,<br>Defendant. | §<br>§<br>§<br>§<br>§  CIVIL ACTION NO. B-03-095<br>§<br>§ |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is a Motion to Remand (Docket No. 6) filed by Plaintiff, Juan Jesus Ybarra ("Ybarra"). For the reasons set forth below, it is recommended that the motion be granted.

### I. Factual Background

Ybarra filed an action in the 107th Judicial District Court of Cameron County Texas, styled, *Juan Jesus Ybarra v. Wal-Mart Stores, Inc.*, Cause No. 2003-04-2203-A on April 29, 2003. Ybarra claimed that on November 3, 2002, he was walking out of a Wal-Mart store towards the parking lot while pushing a cart loaded with a boxed entertainment center. The product fell from the cart and as the cart tipped over, Ybarra caught the box. Ybarra stated in his original cause of action that he suffered "severe physical and mental pain, suffering and anguish, and in all reasonable probability, Plaintiff will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life." As a result, Ybarra, demanded $2,000.00 in medical expenses subject to future increases. Ybarra then filed an amended petition on May 1, 3002, adding that he had been seen by an orthopedic surgeon who recommended that Ybarra should undergo a lumbar laminectomy at a cost of $42,800.00

Defendant, Wal-Mart, filed a Notice of Removal (Docket No. 1), and its Original Answer

(Docket No. 4) on May 23, 2003. Wal-Mart states that it was not served with a copy of the complaint until May 1, 2003.

## II. Claims of the Parties

Wal-Mart stated as its basis for removal that the case is a civil action where the matter in controversy exceeds $75,000.00, exclusive of interests and costs and is between citizens of different states. Ybarra argues in support of his Motion to Remand, that he did not allege diversity of citizenship nor an amount in controversy over $75,000.00 in his petition and the Court is therefore without the necessary removal jurisdiction in this case.

## III. Analysis

### A. Amount in Controversy

28 U.S.C. § 1441, subsection (a) provides that, "... any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant..." The original jurisdiction of the Federal Courts is set forth 28 U.S.C. § 1332, in pertinent part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between -
> (1) citizens of different States

Determining the amount in controversy is crucial in ascertaining whether the Court has jurisdiction. The removing defendant bears the burden of establishing that this requirement has been met. Removal is proper if the defendant shows, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount and the plaintiff has not shown that it is legally certain that his recovery will not exceed the amount stated in the state complaint. *In*

*re Norplant Contraceptive Products Liability Litigation*, 918 F.Supp. 178 (E.D.Tex.1996). In proving that the amount exceeds the jurisdictional threshold, the defendant may either demonstrate that it is "facially apparent" from petition that claim likely exceeds jurisdictional amount, or set forth "facts in controversy" that support finding of requisite amount. *Grant v. Chevron Phillips Chemical Co.*, 2002 WL 31269792 (5th Cir. 2002). The jurisdictional facts that support removal must be judged at the time of the removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 (5th Cir. 2000).

In this case, Ybarra stated in his original petition that he was seeking $2,000.00 in medical expenses, as well as damages for physical and mental pain, suffering and anguish. In addition, Ybarra claimed that he would continue to incur additional reasonable expenses for necessary medical care in the future, as he was still under treatment. Ybarra then filed an amended petition, which indicated that as a result of a consultation with an orthopedic surgeon, he may incur medical expenses for a lumbar laminectomy procedure at an estimated cost of $42,800.00. Wal-Mart, in its Notice of Removal, merely states that the matter in controversy exceeds the sum of $75,000.00.

As the removing defendant bears the burden of showing that the amount meets jurisdiction requirements by a preponderance of the evidence, Wal-Mart has failed to show that jurisdiction of this Court is proper in this case. Wal-Mart has not demonstrated that it is facially apparent from the petition, nor has it set forth facts in controversy that support the minimum jurisdictional amount.

**B. Diversity**

As for the issue of diversity of citizenship, § 1332 provides that, "a corporation shall be

deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." In this case, the parties are completely diverse. Ybarra is a citizen of Texas and Wal-Mart is a citizen of Delaware with its principal place of business in Arkansas.

## IV. Recommendation

While the parties in this case are diverse, Wal-Mart has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

**IT IS RECOMMENDED** that Ybarra's Motion to Remand be **GRANTED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 7th day of August, 2003.

John Wm. Black
United States Magistrate Judge